1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VINCENT FRANK BOSCAINO, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADVENTIST HEALTH HANFORD, et al., <br><br> Defendants. | Case No.   1:24-cv-00689-JLT-EPG <br><br><br> ORDER GRANTING, IN PART, MOTION FOR A PROTECTIVE ORDER <br><br> (ECF No. 47) |

      This matter is before the Court on the parties' joint motion for the Court to approve their proposed protective order. (ECF No. 47). Upon review, the Court will grant the motion in part.

      The Court finds the proposed protective order acceptable in most respects. However, the Court notes that the parties define the term "'confidential' information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 47, p. 2) (capitalization omitted).

      Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list,

formula for soda, diary of a troubled child)." However, the parties elsewhere indicate that the confidential information or items include criminal investigative records, confidential documents identifying enemies of the decedent, and medical records. (ECF No. 47, p. 4). The Court will limit the parties' definition of confidential information or items to such records.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 47, p. 9; ECF No. 37, pp. 4-5 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' motion for a protective order (ECF No. 47) is granted, in part, as revised above.

IT IS SO ORDERED.

Dated: **December 26, 2024**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE