UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VINCENT FRANK BOSCAINO, JR., *by and through Shannon Villarroel, as administrator*, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, et al.,<br><br>Defendants. | Case No. 1:24-cv-00689-JLT-EPG<br><br>ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE<br><br>(ECF No. 80) |

**I.     INTRODUCTION**

Plaintiffs' amended complaint, filed in part under 42 U.S.C. § 1983, brings Federal and California state law claims, primarily alleging that various Defendants failed to provide adequate medical care to Decedent Vincent Frank Boscaino, Jr., which ultimately led to his death. (ECF No. 8). Defendant Mark Monterroso, a doctor involved in Decedent's care, filed a motion for summary judgment on September 18, 2025, which has been referred to the undersigned. (ECF Nos. 70, 73).

Now before the Court is Defendant's motion to seal medical records included as exhibits to the motion for summary judgment. (ECF No. 80).

Counsel for Defendant MARK MONTERROSO, M.D. ("Dr. Monterroso")

1

> respectfully notifies the Court that, on September 18, 2025, counsel inadvertently filed medical records containing confidential information subject to the Protective Order No. 47 as part of Dr. Monterroso's Statement of Evidence, Tab 2, Exhibit A to Dr. Monterroso's Motion for Summary Judgment, No. 70-3. Pursuant to Local Rule 141 and the Court's Protective Order, Dr. Monterroso respectfully requests that Statement of Evidence, Tab 2[1], Exhibit A to Dr. Monterroso's Motion for Summary Judgment, No. 70-3 be restricted from public access and placed under seal.

(*Id.* at 2).

As explained below, the Court will deny the motion without prejudice to any party, including the Estate of Decedent, filing a renewed motion.

## II.   ANALYSIS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[2] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see EpicentRx, Inc. v. Carter, No. 3:20-CV-01058-JO-DDL*, 2023 WL 4336695, at *1 (S.D. Cal. May 16, 2023) ("The 'compelling reasons' standard applies to motions for summary judgment because they are more than tangentially related to the merits of the case.").

The Court must "conscientiously balance[] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial

---

[1] The Court notes that Tab 2 contains more than medical records, *i.e.*, a declaration and subpoena documents are also included. (ECF No. 70-3, pp. 41-48). If any party files a renewed motion to seal, they should identify the specific page numbers of the docket filing that they wish to be sealed.

[2] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, Defendant's only argument is that the medical records should be sealed because they contain "confidential information subject to the Protective Order No. 47." (ECF No. 80, p. 2). However, as noted in the Court's December 26, 2024 order approving the protective order, in part, ""a protective order may not bind the Court" and "to the extent that the protective order conflicts with the Court's established practices or Rules . . . the Court's established practices or Rules will govern." (ECF No. 49, p. 2) (citation omitted). Thus, the fact that the parties agreed to information being deemed confidential in discovery does not require the Court to seal that information on the record. Regardless, as the Ninth Circuit has noted, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. Here, Defendant has failed to articulate compelling reasons to seal the medical records.

Moreover, the medical records are central to this case, as they concern Decedent's treatment. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) ("Accordingly, to a certain extent, Plaintiff has put his medical history at issue in this case. In addition, given the facts of this case, Plaintiff's invocation, in passing, of the Health Insurance Portability and Accountability Act of 1992 and potential privacy rights protected by the federal and California constitutions is insufficient persuade the Court that compelling reasons justify sealing all references to Plaintiff's medical history."). Further, "an individual's privacy rights with regard to medical records is diminished after death." *Marsh v. Cnty. of San Diego*, No. CIV. 05CV1568 JLS AJ, 2007 WL 3023478, at *3 (S.D. Cal.

Oct. 15, 2007). And "[the] privacy right belongs, not to the deceased, but to the survivors." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1153 n.1 (9th Cir. 2012).

### III.  CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Defendant's motion to seal (ECF No. 80) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 15, 2025**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

4