| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ESTATE OF VINCENT FRANK BOSCAINO, JR., *by and through Shannon Villarroel, as administrator*, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, *et al.*,<br><br>Defendants. | Case No.   1:24-cv-00689-JLT-EPG<br><br>ORDER DEFERRING DECISION ON DEFENDANT MONTERROSO'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)<br><br>(ECF No. 70) |

## I.  INTRODUCTION

Plaintiffs' second amended complaint, filed in part under 42 U.S.C. § 1983, brings Federal and California state law claims, primarily alleging that various Defendants failed to provide adequate medical care to Decedent Vincent Frank Boscaino, Jr., which ultimately led to his death. (ECF No. 91). Pertinent here, Plaintiffs allege medical negligence, negligence, and wrongful death and survival claims against Dr. Mark Monterroso in connection with his treatment of Decedent. (*Id.* at 30-32).

Now before the Court is the Dr. Monterroso's motion for summary judgment as to all claims against him, which he filed on September 18, 2025. (ECF No. 70, pp. 4-8). Mainly, Dr. Monterroso argues that Plaintiffs cannot prevail on their claims because Dr. Nicholas G. Ashenburg—an expert hired by Dr. Monterroso—has rendered an opinion "that at all relevant times, Dr. Monterosso acted within the applicable standard of care in providing care and

1

treatment to Decedent. (ECF No. 70-1, p. 5; *see* ECF No. 70-3, pp. 139-143 (Dr. Ashenburg's declaration)).

Plaintiffs' opposition, filed on October 16, 2025, argues, in pertinent part, that the motion for summary judgment is premature and should be deferred under Federal Rule of Civil Procedure 56(d) to allow Plaintiffs to compete fact and expert discovery. (ECF No. 84, p. 1).

Dr. Monterroso's reply, filed on October 29, 2025, argues that the motion should not be deferred because "Plaintiffs have failed to show through affidavit, or declaration, how any additional facts that may be discoverable will create a genuine issue of material fact."[1] (ECF No. 90, p. 4).

## II.    LEGAL STANDARDS

Rule 56(d) provides as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>    (1) defer considering the motion or deny it;
>    (2) allow time to obtain affidavits or declarations or to take discovery; or
>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)(1)-(3).

As the Ninth Circuit has noted, "[t]o prevail on a request for additional discovery under Rule 56(d), a party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (citation and quotation marks omitted).

## III.    ANALYSIS

Upon consideration, the Court will defer ruling on Dr. Monterroso's motion for summary judgment until after the fact and expert discovery deadlines have expired.

First, the parties have had very little time to conduct any discovery thus far. Under the current modified scheduling order, issued on September 22, 2025, the following deadlines are in place: "Non-Expert Discovery Cutoff is 4/3/2026; Expert Disclosure due by 5/4/2026; Rebuttal

---

[1] On September 19, 2025, the assigned District Judge referred the motion for summary judgment. (ECF No. 73).

2

Expert Disclosure due by 6/3/2026; Expert Discovery Cutoff is 7/7/2026." (ECF No. 75).

Notably, Dr. Monterroso's motion for summary was filed on September 18, 2025, before this modified scheduled was entered, and the non-expert and discovery deadlines are still many months away.

Second, Plaintiffs have identified discovery that needs to be completed to be able to properly respond to Dr. Monterroso's motion for summary judgment.

> Defendant Monterroso's premature motion should be denied under Rule 56(d) to allow plaintiffs to finish fact discovery, and more importantly, expert discovery as California law requires plaintiffs prove causation of their medical malpractice claim through expert testimony.
>
> . . . .
>
> Discovery in this action is ongoing. Although the parties have produced and exchanged documents, the record contains factual inconsistencies that are subject to additional discovery. For example, Dr. Ashenburg states that Dr. Monterroso intubated Mr. Boscaino at 8:29 a.m. (ECF No. 70-3, 142 ¶ (d). The record shows, however, that Mr. Boscaino was not intubated until 8:35 a.m. (Kim Dec., ¶ 4.) Plaintiffs are therefore entitled to completing discovery, including deposing defendant Monterroso, and witnesses Marielle Prys, R.N. and Amelou Em, R.N., among other individuals who have discoverable information and may be able to explain or reconcile the discrepancies. Indeed, plaintiffs' counsel requested dates for defendant Monterroso and nurses Prys and Em prior to defendant Monterroso filing this motion, which have yet to be calendared, another reason why the Court should defer defendant Monterroso's motion. Once discovery is completed, plaintiffs can then retain an expert to prove their medical malpractice and wrongful death claims.

(ECF No. 84, pp. 4-5) (citation and footnote omitted).

Supporting this argument is the declaration of Plaintiffs' attorney, Andrew Chan Kim. Among other things, the declaration references the factual dispute as to when Decedent was intubated and cites to the evidence Plaintiff believes supports the view that Decedent was not intubated by 8:35 a.m. (ECF No. 84-2, p. 1; *see* ECF No. 88-2 (cited medical records)).

In light of the factual disputes and need for expert discovery, the Court concludes that it should defer a decision on the motion until after the fact and expert discovery deadlines have expired.

\\\

\\\

\\\

## IV.   ORDER

Accordingly, IT IS ORDERED as follows:

1. The Court will defer ruling on Dr. Monterroso's motion for summary judgment (ECF No. 70), pursuant to Federal Rule of Civil Procedure 56(b).
2. No later than 30 days after the expert discovery cutoff deadline (currently July 7, 2026)[2], Plaintiff shall file an opposition to the motion for summary judgment (ECF No. 70). Within 14 days after the filing of Plaintiff's opposition, Dr. Monterroso may file a reply.

IT IS SO ORDERED.

Dated:   **December 2, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] If the Court's schedule is later modified to extend the expert discovery cutoff deadline, Plaintiff's deadline to file an opposition will follow the new expert discovery cutoff deadline.