UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VINCENT FRANK BOSCAINO, JR., *by and through Shannon Villarroel, as administrator*, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00689-JLT-EPG<br><br>ORDER DEFERRING DECISION ON DEFENDANT ADVENTIST HEALTH MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)<br><br>(ECF No. 153) |

## I. INTRODUCTION

Plaintiffs' second amended complaint, filed in part under 42 U.S.C. § 1983, brings Federal and California state law claims, primarily alleging that various Defendants failed to provide adequate medical care to Decedent Vincent Frank Boscaino, Jr., which ultimately led to his death. (ECF No. 91). Pertinent here, Plaintiffs allege medical negligence, negligence, and wrongful death and survival claims against Defendant Adventist Medical Center-Hanford in connection with the hiring, contracting, training, and supervision of Defendant Dr. Monterroso, who treated Decedent. (*Id.* at 30-32).

Now before the Court is Adventist Medical Center's motion for summary judgment as to all claims against them, which was filed on June 25, 2026 (ECF No. 153 at 2-4). Adventist Medical Center claims the following

> AHHF is entitled to summary judgment as to the Medical Negligence and Negligence claims on the basis that the undisputed material facts support their position that there are

> no triable issues of material fact on the issues of breach of the standard of care or causation. Indeed, competent expert testimony from Doctor Mark I. Langdorf and Nurse Katherine A. Kelly establishes that the AHHF nurses and medical staff met the standard of care as it relates to their treatment and care of Mr. Boscaino during his June 14, 2023, admission at AHHF. Dr. Langdorf's expert testimony establishes that the AHHF nurses and medical staff were not a substantial factor in causing Mr. Boscaino's death. Accordingly, unless Plaintiffs present competent expert testimony refuting the standard of care and causation opinions of Defendant's experts, AHHF is entitled to summary judgment as a matter of law.
>
> Furthermore, testimony provided by April McKee, the Medical Staff Director for Adventist Health Central California Network – North, establishes that Defendant MONTERROSO is an independent contractor and was never acting as an agent or employee of AHHF during his care and treatment of Mr. Boscaino during his June 14, 2023, admission at AHHF. Even if Defendant MONTERROSO was an agent or employee of AHHF during his care and treatment of Mr. Boscaino, expert testimony from Doctor Mark I. Langdorf establishes that Defendant MONTERROSO met the standard of care at it relates to his treatment and care of Mr. Boscaino. Additionally, Dr. Langdorf's expert testimony establishes that no action or inaction by Defendant MONTERROSO caused, contributed to, or was a substantial factor in causing Plaintiffs' injury, i.e. Mr. Boscaino's death.

(ECF No. 153-1 at 6-7; *see* ECF Nos. 153-5, 153-7) (Dr. Langdorf and Nurse Kelly declarations)).

Plaintiffs' opposition, filed on July 9, 2026, argues, in pertinent part, that the motion for summary judgment is premature and should be deferred under Federal Rule of Civil Procedure 56(d) to allow Plaintiffs to complete fact and expert discovery. (ECF No. 155 at 1).

Adventist Medical Center's reply, filed on July 20, 2025, argues that the motion should not be deferred because "Yet, Plaintiffs' have once again[1] failed to provide any expert opinion testimony to create a triable issue of fact and has put forth nothing more than baseless and inapplicable objections." (ECF No. 159 at 2). Additionally, Adventist Medical Center states, "[b]ecause the Opposition offers no expert evidence whatsoever, AHHF's expert opinions stand entirely unrebutted. Accordingly, as Plaintiffs have failed to raise a triable issue of material fact, summary judgment must be granted." (*Id.*).

\\\

\\\

---

[1] Defendant appears to being referring to Defendant Monterroso's own motion for summary judgment filed on September 18, 2025 (ECF No. 70) and Plaintiff's October 16, 2025, opposition. (ECF No. 84).

## II. LEGAL STANDARDS

Rule 56(d) provides as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)(1)-(3).

As the Ninth Circuit has noted, "[t]o prevail on a request for additional discovery under Rule 56(d), a party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (citation and quotation marks omitted).

## III. ANALYSIS

Upon consideration, the Court will defer ruling on Adventists Health Medical Center's motion for summary judgment until after the fact and expert discovery deadlines have expired.

First, the parties are still in the midst of conducting discovery. Under the current modified scheduling order, issued on Jue 23, 2026 the following deadlines are in place: "Non-Expert Discovery Cutoff is September 7, 2026; Expert Disclosure is due by October 16, 2026; Rebuttal Expert Disclosure is due by October 30, 2026; Expert Discovery Cutoff is November 13, 2026; and deadline to file dispositive motions is November 30, 2026." (ECF No. 152).

Notably, Adventist Health Medical Center's motion for summary was filed on June 25, 2026, just two days after this modified schedule was entered, and the non-expert and discovery deadlines are still many months away.

Second, Plaintiffs have identified discovery that needs to be completed to be able to properly respond to Adventist Health Medical Center's motion for summary judgment.

> Defendant Monterroso's premature motion should be denied under Rule 56(d) to allow plaintiffs to finish fact discovery, and more importantly, expert discovery as California law requires plaintiffs prove causation of their medical malpractice claim through expert testimony.
>
> . . . .

> Plaintiffs have retained an emergency department medical expert who will opine that Adventist nursing staff breached their duty by administering 50 mEq of sodium bicarbonate which did not comport with ACLS or prevailing resuscitation guidelines. (Kim Decl. ¶ 4.) In administering sodium bicarbonate, Adventist nursing staff caused Mr. Boscaino to sustain intracellular acidosis, increased carbon dioxide production, and elevated plasma osmolality resulting in pulmonary edema and lung injury, as evidenced in the autopsy report. (Kim Decl. ¶ 5.) Adventist nursing staff also breached their duty by ceasing compressions and ventilation shortly after the administration of TNK which caused substantial injuries to Mr. Boscaino and effectively eliminated his chances of survival. (ECF No. 153-9 p. 26.)
>
> Plaintiffs' retained expert will further opine that Adventist nursing staff also breached their duty by failing to immediately clear or suction Mr. Boscaino's endotracheal tube when it began to fill with blood, causing Mr. Boscaino to sustain airway obstruction and oxygen deprivation. (Id. at p. 27.) Moreover, at the time of the incident, Adventist was inadequately staffed to respond to Mr. Boscaino's code, resulting in inadequate medical care. (Kim Decl. ¶ 6.)
>
> Additionally, the parties still have outstanding discovery disputes and plaintiffs anticipate filing discovery motions related to spoliation of surveillance camera footage and ultrasound images….

(ECF No. 155 at 4-6) (citation and footnote omitted).

Supporting this argument is the declaration of Plaintiffs' attorney, Andrew Chan Kim. Among other things, the declaration references the factual dispute as to whether Adventist nursing staff breached their duty of care by administering 50 mEq of sodium bicarbonate, which was not within ACLS or prevailing resuscitation guidelines. The declaration also references an expert who will opine that Decedent's heart rhythm improved during transport to Adventists and his chances of survival were greater than zero. (ECF No. 155-2 at 2)

In light of the factual disputes and need for expert discovery, the Court concludes that it should defer a decision on the motion until after the fact and expert discovery deadlines have expired.

## IV. ORDER

Accordingly, IT IS ORDERED as follows:

1. The Court will defer ruling on Adventist Health Medical Center's motion for summary judgment (ECF No. 153), pursuant to Federal Rule of Civil Procedure 56(b).
2. No later than 30 days after the expert discovery cutoff deadline (currently November

13, 2026)[2], Plaintiff shall file an opposition to the motion for summary judgment (ECF No. 153). Within 14 days after the filing of Plaintiff's opposition, Adventist Health Medical Center may file a reply.

IT IS SO ORDERED.

Dated: **July 22, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[2] If the Court's schedule is later modified to extend the expert discovery cutoff deadline, Plaintiff's deadline to file an opposition will follow the new expert discovery cutoff deadline.