UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VINCENT FRANK BOSCAINO, JR., *by and through Shannon Villarroel, as administrator, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00689-JLT-EPG<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>(ECF No. 161) |

Plaintiffs filed this action on June 12, 2024. (ECF No. 1). Plaintiffs' operative second amended complaint, filed in part under 42 U.S.C. § 1983, brings Federal and California state law claims, primarily alleging that various Defendants failed to provide adequate medical care to Decedent Vincent Frank Boscaino, Jr., which ultimately led to his death. (ECF No. 91).

Before the Court is Plaintiffs' Motion for Leave to file a Third Amended Complaint. (ECF No. 161). In the motion, Plaintiffs' counsel states that Plaintiffs now have sufficient information to identify previously unknown California Department of Corrections and Rehabilitation defendants and to clarify and allege factual allegations based on discovery with respect to the failure to remove Mr. Vincent Frank Boscaino Jr.'s mechanical restraints at any point during his cardiac arrest and defendants' medical response at Adventist Health Hanford. (*Id.* at 2). Plaintiffs indicate that they do not allege new claims for relief. (*Id.*). Defendants did not file an opposition to Plaintiffs' motion, and the time to do so has passed.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal marks omitted); *see also Waldrip*, 548 F.3d at 732.

In light of Plaintiffs' filing and Defendants' non-opposition to the filing, and good cause thus appearing, the Court shall grant Plaintiffs leave to file a third amended complaint. The Court finds no bad faith by Plaintiffs, nor undue delay, as Plaintiffs moved to amend shortly after taking the depositions of Leonard Epstein and defendant Joseph Giurbino. (ECF No. 161 at 2-3). Moreover, as Defendants did not oppose the filing of a third amended complaint, the Court finds no undue prejudice to the opposing party.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion for Leave to File a Third Amended Complaint, (ECF No. 161), is GRANTED.
2. Plaintiffs shall file the Third Amended Complaint no later than September 30, 2026.

IT IS SO ORDERED.

Dated: **September 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE